UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                         Case # 20-CR-6033-FPG

v.

                                        DECISION AND ORDER

JASON D. SCHWARTZ,

                        Defendant.

## INTRODUCTION

On July 24, 2020, Defendant Jason D. Schwartz pleaded guilty to one count of possession of child pornography including prepubescent images.  ECF Nos. 32, 33.  On January 27, 2021, the Court sentenced to Defendant to a term of imprisonment of 10 years and ordered him to pay a $100 special assessment and $3,000 in restitution.  ECF No. 45; *see also* ECF No. 46 at 7.  On October 28, 2021, the government requested an order authorizing the Bureau of Prisons ("BOP") to "turnover [certain] funds in the defendant's inmate trust account to the Clerk of Court to be applied towards the defendant's significant restitution obligation."  ECF No. 50 at 5.  Defendant, represented by counsel, opposes the motion, ECF No. 56, and the government has filed its reply. ECF No. 60.  For the reasons that follow, the government's motion is GRANTED.

## DISCUSSION

Pursuant to Defendant's criminal judgment, Defendant's restitution obligation was "due immediately."  ECF No. 46 at 8.  The criminal judgment also set forth a plan under which Defendant was to make payments:

> While incarcerated, if the defendant is non-UNICOR or UNICOR grade 5, the defendant shall pay installments of $25 per quarter.  If assigned grades 1 through 4 in UNICOR, the defendant shall  pay installments of 50% of the inmate's monthly pay. . . .  [W]hile on supervision, the defendant shall make monthly payments at the rate of 10% of monthly gross income.

*Id.* The judgment required Defendant to notify "the court and United States attorney of material changes in economic circumstances." *Id.* at 1.

In the months after entry of judgment, Defendant did not pay anything towards his restitution obligations. *See* ECF No. 59-1 at 4. On May 19, 2021, the government sent Defendant a letter formally demanding payment and informing him that the "[f]ull payment of $3100.00 is due immediately." *Id.* at 2. The government informed Defendant that it had a "lien upon all of [his] nonexempt property," *id.* (citing 18 U.S.C. § 3613(a)), and warned him that it may enforce the monetary penalties through "garnishment of wages or bank accounts." *Id.* Since then, Defendant has paid $50 towards his $100 special assessment and nothing towards his restitution obligation. *Id.* at 4.

At some point, the government learned that Defendant "possessed substantial funds in his inmate trust account." ECF No. 59 at 3. As it stands, Plaintiff has received $2,000 in stimulus payments, as well as hundreds of dollars from other individuals and through prison employment. ECF No. 62 at 2; ECF No. 62-1 at 2. On October 5, 2021, the government encumbered $1,361.50 of the money in Defendant's inmate trust account. *Id.* It now seeks an order compelling the BOP to transfer the encumbered funds "in the defendant's inmate trust account to the Clerk of Court" so that they can be applied "towards the defendant's significant restitution obligation."[1] ECF No. 50 at 5.

The government identifies several potential sources of authority for its motion. The Court need only discuss one: 18 U.S.C § 3664(n), which provides: "If a person obligated to provide

---

[1] It is not entirely clear how the government would like to apply the funds. It sometimes requests that the funds be applied as payment towards Defendant's "outstanding criminal monetary penalties" generically, ECF No. 50 at 2, but at other points it speaks of applying the funds "towards the defendant's significant *restitution* obligation," *id.* at 5 (emphasis added), and elsewhere towards his "significant *fine* obligation." ECF No. 59 at 4 (emphasis added). Because most of the government's briefing is focused on its authority to collect those funds for restitution purposes, *see* ECF No. 50 at 2-5; ECF No. 60 at 1-4, the Court construes the government's request to be one seeking to apply the funds to Defendant's restitution obligation, rather than to the remaining $50 special assessment.

restitution . . . receives substantial resources from *any source* . . . such person *shall* be required to apply the value of such resources to any restitution . . . still owed." 18 U.S.C. § 3664(n) (emphasis added). Although there are "very few cases in this circuit addressing § 3664(n)," *United States v. Sabato*, No. 02-CR-236, 2021 WL 826751, at *2 (D. Conn. Mar. 4, 2021), several courts in other circuits have held that, where a defendant receives a "windfall" during incarceration, Section 3664(n) "triggers an automatic payment requirement."[2] *United States v. Bratton-Bey*, 564 F. App'x 28, 29 (4th Cir. 2014) (summary order); *see also United States v. Brewer*, 699 F. App'x 318, 319 (5th Cir. 2017) (summary order); *United States v. Lassiter*, No. 13-20476, 2021 WL 486611, at *1 (E.D. Mich. Feb. 10, 2021) (stating that Section 3664(n) is a "self-executing" provision); *United States v. Korbe*, No. 09-CR-0005, 2020 WL 1929256, at *3 (W.D. Pa. Apr. 21, 2020).

In this case, Defendant does not dispute that he is currently incarcerated or that he received $2,000 in "Economic Impact Payments," *i.e.*, stimulus payments. ECF No. 59 at 3; ECF No. 62 at 2; ECF No. 62-1 at 2. To the Court, it is uncontroversial to classify these payments as "substantial resources" subject to Section 3664(n), insofar as they are "windfalls [and] sudden

---

[2] In his opposition, Defendant does not directly challenge the government's use of Section 3664(n). *See* ECF No. 56. Nevertheless, the Court notes one issue. Where a restitution order sets forth a payment plan, some courts have barred the government from "enforc[ing] the judgment beyond its plain terms absent a modification of the restitution order or default on the payment plan." *United States v. Hughes*, 914 F.3d 947, 949 (5th Cir. 2019); *see, e.g.*, *United States v. Martinez*, 812 F.3d 1200, 1207 (10th Cir. 2015) ("The government has statutory authority to enforce only the terms of a restitution order, not to take an enforcement action that would exceed a restitution order's payment terms."). Although Defendant's criminal judgment does set forth a payment plan for restitution, ECF No. 46 at 8, the Court views that plan as a floor, not a ceiling, on Defendant's restitution obligations. The parties' plea agreement evinces this understanding: the parties agreed that "any schedule of payments imposed by the Court . . . is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment." ECF No. 32 at 9. The judgment itself requires Defendant to make restitution in accordance with "any other statute authorizing a sentence of restitution," which would facially include Section 3664(n). ECF No. 46 at 3. Furthermore, as part of the judgment, the Court ordered payment on restitution "to begin immediately" and stated that restitution "is due immediately." *Id.* at 8. Nothing in the payment plan gives the impression that, contrary to the plea agreement, the government would be barred from exercising its statutory authority to enforce the full restitution order. *See United States v. O'Brien*, 851 F. App'x 236, 240-41 (2d Cir. 2021) (summary order) (concluding that "payment plan in the criminal judgment presented no legal barrier to the issuance of a [lump sum] garnishment order," where payment plan required defendant to pay "*at least*" $500 per month and plea agreement stated that payment plan would not bar "other governmental collection efforts").

financial injections" that have become "suddenly available" to Defendant. *United States v. Poff*, 781 F. App'x 593, 594 (9th Cir. 2019) (summary order) (defining the types of "substantial resources" to which Section 3664(n) applies); *see also United States v. Scales*, 639 F. App'x 233, 239 (5th Cir. 2016) (summary order) (construing subsection (n) as a mechanism "to draw on unanticipated resources to pay restitution").  Other courts have reached the same conclusion.  *See United States v. Wade*, No. 04-CR-462, 2022 WL 170643, at *3 (D. Neb. Jan. 19, 2022) ("An influx of stimulus funds represents receipt of substantial resources [] that, under 18 U.S.C. § 3664(n)[,] must be applied to outstanding restitution obligations."); *United States v. Shaw*, No. 05-20073, 2021 WL 3144836, at *2 (D. Kan. July 26, 2021) (collecting cases); *United States v. Davis*, No. 14-CR-47, 2021 WL 2678765, at *1 (N.D. Ind. June 30, 2021).

In his opposition, Defendant only discusses the applicability of Section 3664(k); he fails to make any argument as to why Section 3664(n) would not apply under the present circumstances. *See generally* ECF No. 56.  At most, Defendant asserts that collection of the stimulus payments would be inequitable: Defendant remains indigent; he is unable to earn income because of the lockdowns associated with the pandemic; and he needs the money in order to purchase basic necessities.  *See id.* at 3-4.  Defendant's arguments do not change the calculus.

Section 3664(n) does not, by its terms, require the Court to consider a defendant's overall financial circumstances before compelling payment.  Even if it did, granting the government's request would not thrust Defendant into an inequitable financial situation or prevent him from obtaining life's necessities.  Indeed, the government is not even requesting that all of the stimulus moneys be turned over—it is requesting less than 70% of those payments.  *See* ECF No. 59 at 3. Defendant will retain over $600 in stimulus funds, not to mention all of the other deposits he has received from prison wages and third parties.  *See* ECF No. 62 at 2; *accord United States v. Kieffer*,

No. 14-CR-30051, 2021 WL 1758815, at *1 (S.D. Ill. May 4, 2021) (permitting government to collect stimulus funds in inmate trust account under Section 3664(n) despite defendant's claim of indigency, and reasoning that the government "encumbered only $1,856.30 of his money, leaving $850.80 in his account," which was "not an insignificant balance for an inmate to carry in his trust account"). Accordingly, the Court finds the government's request authorized and appropriate under the circumstances.

## CONCLUSION

For the foregoing reasons, the government's motion to authorize the transfer of funds from Defendant's inmate trust account (ECF No. 50) is GRANTED. It is hereby ORDERED that the BOP is authorized to turn over **$1,361.50**, which is currently in Defendant's inmate trust account, to the Clerk of the Court, who shall accept those funds for Defendant Jason D. Schwartz (Reg. No.: 28520-055, FCI COLEMAN LOW FEDERAL CORRECTIONAL INSTITUTION, P.O. BOX 1031, COLEMAN, FL 33521). The Clerk shall apply these funds as payment towards the restitution owed by Defendant in this case.

IT IS SO ORDERED.

Dated: February 23, 2022
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York